IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SERGIO CAMACHO TREJO, | | |
| Petitioner, | | **8:26CV246** |
| v. | | |
| MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; TODD BLANCHE, in his official capacity as United States Attorney General; DAREN MARGOLIN, in his official capacity as Director of Executive Office for Immigration Review; DAVID VENTRUELLA, in his official Capacity as Acting ICE Director; ROB JEFFREYS, Director Of Nebraska Department of Correctional Services; and ALLEN GILL, in His official capacity as Omaha Field Office ERO Director, | | **MEMORANDUM AND ORDER** |
| Respondents. | | |

This matter is before the Court on petitioner Sergio Camacho Trejo's ("Camacho Trejo") Petition for Writ of Habeas Corpus (Filing No. 1) and Motion for Order to Show Cause (Filing No. 2).  *See* 28 U.S.C. §§ 2241, 2243.  Camacho Trejo is a "native and citizen of Mexico who has lived in the United States since approximately 2003."  He is reportedly being detained by Immigration and Customs Enforcement ("ICE") at the McCook Detention Center in McCook, Nebraska, following a traffic stop by a Nebraska State Patrol trooper who notified ICE.

An immigration judge denied Camacho Trejo's request for a bond hearing under 8 C.F.R. § 1236, concluding he lacked jurisdiction in light of *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026), and *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)

(Filing No. 1-1).  Camacho Trejo "challenges his continued detention as violative of 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment."  He asks the Court to (1) declare his detention unlawful, (2) issue a writ, and (3) either order his immediate release or order the respondents to release him if he has not received a bond hearing within seven days after the Court's order.

Upon careful review, Camacho Trejo's request for relief is denied.  To start, he fails to explain why his argument that "people arrested inside the United States" (like he was) are entitled to a bond hearing under 8 U.S.C. § 1226(a) is not foreclosed by *Avila*, 170 F.4th at 1138, in which the Eighth Circuit determined that applicants for admission who are already present in the United States are subject to mandatory detention under § 1225(b)(2).  Indeed, in describing the legal framework for his petition, he acknowledges that *Avila* conclusively addressed that "statutory issue," yet he still relies on § 1226(a).  Camacho Trejo evidently does not agree with the Eighth Circuit's statutory interpretation, but unless he can show otherwise, it is binding on this Court and precludes his first and second causes of action, which are both based on purported violations of § 1226(a).

Camacho Trejo's remaining due-process claims fare no better.  As he sees it, his "current civil detention violates his due process rights" because his "private interest in being free from detention outweighs the government's interest in maintaining the current procedures" under the balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  But this Court has previously concluded that *Mathews* balancing does not apply to immigration-detention challenges like this one.  *See*, *e.g.*, *Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *4 (D. Neb. Apr. 8, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 521-31 (2003); *Reno v. Flores*, 507 U.S. 292, 299-315 (1993); *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024)).

Applying the proper framework to the circumstances of this case, the Court finds Camacho Trejo has failed to show a substantive-due-process violation.  *See*, *e.g.*, *Dep't of State v. Munoz*, 602 U.S. 899, 910 (2024); *Reno*, 507 U.S. at 302; *Romero v. Brown*,

No. 1:26-CV-00007-SMR-SBJ, 2026 WL 1021455, at *6-7 (S.D. Iowa Apr. 15, 2026); *Maan v. Easterwood*, No. 4:26CV3027, 2026 WL 1006255, at *2 (D. Neb. Apr. 14, 2026); *Mendez Leiva*, 2026 WL 948430, at *5-6. His bald assertion based on *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), that the "government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a 'reasonable relation' to the purposes of immigration detention and is not impermissibly punitive" is unavailing.

In light of the foregoing,

IT IS ORDERED:

1. Petitioner Sergio Camacho Trejo's Petition for Writ of Habeas Corpus (Filing No. 1) and Motion for Order to Show Cause (Filing No. 2) are denied.

2. This case is dismissed.

3. A separate judgment will issue.

Dated this 2nd day of June 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3